IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR 109-127 |
| ) | |
| MORGAN CHASE WOODS ) | |

## ORDER

Defendant Morgan Chase Woods is before the Court charged with one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Receipt of Child Pornography charge carries a possible term of imprisonment of not less than five years nor more than twenty years. (Doc. no. 2). Each Possession of Child Pornography charge carries a possible term of imprisonment of not more than ten years. (Id.).

### DISCUSSION

Pursuant to 18 U.S.C. § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, but both are not required. United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and

safety. United States v. Orta, 760 F.2d 887, 891-92 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. Id. at 891.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug or a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including, (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to

believe that the person committed an offense involving a minor victim under 18 U.S.C. § 2252A(a)(2). 18 U.S.C. § 3142(e).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion. The purpose of the rebuttable presumption is to shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985), *abrogated on other grounds*, United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of § 3142(e) is not such a "bursting bubble." Id. at 383. Thus, in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still consider the "other special factors that Congress has told him to weigh when making his bail decision." Id. at 384 (citing 18 U.S.C. § 3142(g)). The Eleventh Circuit has adopted the reasoning in Jessup. See United States v. Hurtado, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985).

Defendant Woods, twenty-four (24) years of age, is before the Court on the government's motion for detention in this receipt and possession of child pornography case. Prior to the discovery of the underlying facts in this prosecution, Defendant was a five year Navy enlistee with an E-5 rank. Defendant was an interpreter who translated Arabic language conversations. Prior to his arrest on these charges, Defendant had no known criminal history, no known drug or alcohol problem, and no physical problems. When law

3

enforcement agents investigating this matter initially approached Defendant, he was cooperative in almost every respect.

Defendant's cooperation included what, on the surface, appears to be a full and plenary confession. Defendant related a twelve-year addiction to viewing child pornography. He admitted a child pornography "fantasy world," which was manifested at times in his artistic drawing of "provocatively posed" children. The Court is more concerned by Defendant's admission of acting out on his fixation with children. He admitted to investigators that as a teenager, on several occasions he had "touched the legs, buttocks and vagina" of his eleven year old niece.[1] As acknowledged by the Court during the hearing, such evidence creates a very difficult burden in attempting to rebut the presumption of dangerousness triggered by the instant charges.

In sum, the Court finds probable cause to believe that Defendant committed an offense involving a minor victim under 18 U.S.C. § 2252A, *et seq*. Moreover, he failed to rebut the presumption triggered by the charges - a conclusion bolstered by evidence, admitted during the hearing, of Defendant's mistreatment of his niece.

The Court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the

---

[1] At the detention hearing, the age of the niece at the time of these activities was variously placed at "ten or eleven years old" and "eleven or twelve" years old.

defendant's release. The defendant is advised of his right to a prompt resolution of any appeal of this Order.

Upon the foregoing, **IT IS ORDERED**,

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or upon request of an attorney for the government, the defendant shall be delivered to the United States Marshal for the purpose of an appearance in connection with any court proceeding.

SO ORDERED this 20th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE