IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-127 |
| | ) | |
| MORGAN CHASE WOODS | ) | |

# ORDER

Defendant Morgan Chase Woods filed a "Motion for Leave to File Additional Motions," in which he seeks an indefinite extension to the ten-day motion filing period set by this Court at arraignment. In particular, Defendant also suggests that he may need to file a motion to suppress, a motion to dismiss the indictment, a motion for severance, and a motion for continuance, but he needs additional time to develop such motions. (Doc. no. 27). Presumably, Defendant also may request an evidentiary hearing on any such potential motions. The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court.[1] (Doc. no. 9). Accordingly, the request for an indefinite extension is **DENIED** (doc. no. 27), with the caveats that this Order does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions, and as described below,

---

[1] A motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

Defendant shall have **ten (10) calendar days from the date of this Order** to file a particularized motion to suppress, motion to dismiss, and/or a motion for severance.[2]

As to the suggestion that Defendant may request an evidentiary hearing on a forthcoming motion, the Court notes that the decision to grant or deny such a request is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).

A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). However, a district court is not compelled to grant an evidentiary hearing when a defendant promises to allege at a hearing what he has failed to allege in his motion papers. Cooper, 203 F.3d at 1285. Thus, the burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. Lewis, 40 F.3d at 1332. This Court has a Local Rule that addresses the proper means by which to allege those facts:

---

[2]The Court presumes that a motion for continuance would not be ripe for filing until a specific proceeding is set down for hearing.

> Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Loc. Crim. R. 12.1.

Here, Defendant has provided absolutely no evidentiary detail to support any type of claim for suppression, dismissal, or severance. To the extent defense counsel states that he has spoken to counsel for the government about viewing all computer image evidence gathered against his client (doc. no. 27, pp. 1-2), the Court sees no reason why, given the government's liberal discovery policy, there should be any difficulty in timely arranging to view such evidence. In sum, any request for suppression, dismissal, or severance, filed without a supporting affidavit from Defendant and without any evidentiary support, would not satisfy his burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists.

Accordingly, the Court will not schedule a hearing on any forthcoming motion to suppress, motion to dismiss, or motion to sever unless and until Defendant files any such motions in accordance with the Local Rules. If Defendant intends to file a particularized motion to suppress, dismiss, or sever that complies with Loc. Crim. R. 12.1, he should do so no later than **ten (10) calendar days** from the date of this Order. Any supporting affidavit should set forth the specific factual allegations upon which Defendant bases his contention that his rights were violated, and if the alleged violations involved a search, that he had a legitimate expectation of privacy in the property searched. Rawlings v. Kentucky, 448 U.S.

3

98, 104-05 (1980) (citing Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978)). To establish a legitimate expectation of privacy, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable," that is, recognized and permitted by society. Minnesota v. Carter, 525 U.S. 83, 88 (1998). If a particularized motion to suppress, motion to dismiss, or motion to sever is not filed within this ten-day period, the cause requirement set forth in note one of this Order shall apply.

In addition, Defendant filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 28). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

SO ORDERED this 26th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4